# United States District Court Central District of California

**UNITED STATES OF AMERICA vs.**

**Docket No.** LA CR17-00280 JAK

**Defendant** Salvatore John Rose

**Social Security No.** 7 9 1 3

akas: None

(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| 10 | 19 | 2017 |

**COUNSEL** Richard Stack, Retained

(Name of Counsel)

**PLEA** [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING** There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Subscribing to False Tax Return pursuant to 26 U.S.C. § 7206(1) as charged in Count 1 of the Information.

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Salvatore John Rose, is hereby committed to **PROBATION** on Count 1 of the Information for a term of **THREE (3) YEARS** under the following terms and conditions:

1.  The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2.  The defendant shall pay restitution in an amount to be determined by the Internal Revenue Service ("IRS"). The IRS shall calculate the total amount due, which is no less than the sum of $53,424.00, plus interest and penalties. The amount of penalties is no less than $40,068.00. This penalty amount arises from the income tax underpayments for the years 2008 through 2011 pursuant to 26 U.S.C. §6663, and is equal to 75% of the tax underpayments due to fraud. Dkt. 30 at 2.

3.  Defendant shall make a payment of $20,000 no later than November 1, 2017. This amount shall be a credit toward the total amount due. During the period of Probation, a monthly payment of not less than $500 shall be made by the defendant toward the remaining balance due, with the first payment to be made on December 1, 2017. A failure to make the $20,000 payment, or any monthly payment, will constitute a violation of the terms and conditions of Probation. Notice of any such failure(s) to pay, shall be provided to Defendant, his counsel, the United States Attorney, the Probation Officer and the Court. A failure to make any required payment or to comply with any other term(s) and condition(s) of Probation, may result in a hearing before the Court. If it is determined that a violation has occurred, an appropriate remedy and/or sanction or penalty may be imposed, including the termination of Probation, and/or a determination that due to Defendant's failure to make timely periodic payments, the entire remaining balance that is owed pursuant to this Judgment is immediately due and payable.

4.  A Closing Agreement shall be prepared and executed by the IRS and signed by the defendant on or before November 20, 2017. The Closing Agreement shall include the total amount that is due for unpaid taxes, penalties and interest, any appropriate terms with respect to a payment plan. It may also include terms that would apply in the event that Defendant fails to make one or more required payments. It shall be consistent with Paragraphs 2 and 3 of this Judgment; provided, however, if justified by the available financial information, the amount of the monthly payment may be increased or reduced, with any dispute over that issue to presented to the Court by Defendant and/or the United States. A copy of the fully executed Closing Agreement shall be provided to the United States Attorney and the U.S. Probation Officer, who shall provide a copy to the Court. If an extension of the November 20, 2017 deadline is necessary, the IRS shall make a request to the U.S. Probation Officer, who shall then notify counsel and submit the appropriate request and proposed order to the Court.

5.  During the period of community supervision, the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment.

6.  The defendant shall truthfully and timely file and pay taxes owed for the years of conviction, and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with this order.

7.  The defendant shall cooperate in the collection of a DNA sample from the defendant.

8.  The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of Probation.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

The defendant is advised of his right to appeal.

The bond is exonerated.


**IT IS SO ORDERED.**


In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release are imposed by this Judgment.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.


October 20, 2017
_____
Date

_____
John A. Kronstadt, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.


Clerk, U.S. District Court


October 20, 2017
_____
Filed Date

By _____
Andrea Keifer, Deputy Clerk


The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).


### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1.  The defendant shall not commit another Federal, state or local crime;
2.  the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3.  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5.  the defendant shall support his or her dependents and meet other family responsibilities;
6.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7.  the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

      1. Special assessments pursuant to 18 U.S.C. §3013;
      2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
            Non-federal victims (individual and corporate),
            Providers of compensation to non-federal victims,
            The United States as victim;
      3. Fine;
      4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
      5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.  Salvatore John Rose                    Docket No.:  LA CR17-00280 JAK

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____  to _____

Defendant noted on appeal on _____

Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____  to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____                    By _____
Date                                                              Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____                    By _____
Filed Date                                                       Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____                    _____
              Defendant                                                      Date

_____                              _____
U. S. Probation Officer/Designated Witness                    Date

# NOTICE PARTY SERVICE LIST

Case No. _____  Case Title _____

Title of Document _____

| |
|---|
| ADR |
| BAP (Bankruptcy Appellate Panel) |
| BOP (Bureau of Prisons) |
| CA State Public Defender |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Assignment Administrator |
| Chief Deputy – Administration |
| Chief Deputy – Case Processing |
| Chief Deputy – Judicial Services |
| CJA Supervising Attorney |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Deputy-in-Charge Eastern Division |
| Deputy-in-Charge Southern Division |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| Managing Attorney, Legal Services Unit |
| MDL Panel |
| Ninth Circuit Court of Appeal |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Statistics Clerk |

| |
|---|
| US Attorney's Office - Civil Division -L.A. |
| US Attorney's Office - Civil Division - S.A. |
| US Attorney's Office - Criminal Division -L.A. |
| US Attorney's Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshals Service - Los Angeles (USMLA) |
| US Marshals Service - Riverside (USMED) |
| US Marshals Service - Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |
| Warden, Central California Women's Facility |

| ***ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided)** |
|---|
| Name: |
| Firm: |
| Address (*include suite or floor*): |
| |
| |
| *E-mail: |
| *Fax No.: |

* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE* (list below):** |
|---|
| |
| |
| |

**Initials of Deputy Clerk** _____